UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRUONG LINH HOANG,

                                        Petitioner,

        v.

PATRICIA H. HYDE et al.,

                                        Respondents.

CASE NO. 2:26-cv-01591-LK

ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS

This matter comes before the Court on Petitioner Truong Linh Hoang's petition for a writ of habeas corpus. Dkt. No. 3. For the reasons set forth below, the Court grants the petition.[1]

## I.    BACKGROUND

Hoang is a native and citizen of Vietnam. Dkt. No. 11 at 1. He entered the United States at an unknown location on or about June 12, 2025 without being inspected or admitted. *Id.* On the same day, he was encountered by U.S. Border Patrol in Texas, detained, and transported to the Centralized Processing Center in McAllen, Texas, where he was processed for expedited removal

_____

[1] The Court declines to hold an evidentiary hearing because the record is sufficient for adjudication of the petition. *See Owino v. Napolitano*, 575 F.3d 952, 954 (9th Cir. 2009) (holding that "the district court must hold an evidentiary hearing" where "the record is insufficient to decide whether [the petitioner's] detention is authorized by statute").

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

pursuant to Sections 235(b)(1) and 212(a)(7)(i)(I) of the Immigration and Nationality Act ("INA").

*Id.* During processing the following day, Hoang stated that he had no fear of returning to Vietnam.

*Id.* at 1–2; Dkt. No. 12-2 at 4.

On June 30, 2025, Hoang was transferred to the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. No. 11 at 2. On July 9, 2025, "during a regular visit with an [Enforcement and Removal Operations ("ERO")] officer, [Hoang] stated that he wanted to file for asylum due to fear of return to Vietnam." *Id.* at 2. Approximately three weeks later, Hoang was referred to United States Citizenship and Immigration Services ("USCIS") for a credible fear interview. *Id.*

On September 11, 2025, USCIS interviewed Hoang, made a positive credible fear determination, and referred him to the Tacoma Immigration Court via a Notice to Appear issued on September 12, 2025, pursuant to Sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the INA. *Id.*; Dkt. No. 12-1 at 2. Hoang filed an application for relief with the Tacoma Immigration Court, and that court ordered him removed but granted him withholding of removal by order dated November 13, 2025. Dkt. No. 11 at 2; Dkt. No. 12-3 at 4; Dkt. No. 3 at 2. Both parties waived appeal. Dkt. No. 12-3 at 5.

Between January and May 2026, Hoang and ERO officers engaged in a back and forth about removal to a third country. Specifically, NWIPC Deportation Officer Anthony Rosa describes the following interactions:

- On January 6, 2026, "ERO Tacoma spoke with Petitioner during a regular visit about the possibility of a removal to a third country. Petitioner stated that he would like to be deported to Vietnam because he has no fear of returning to Vietnam and wants to be with his family there." Dkt. No. 11 at 2.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

- On January 9, 2026, "ERO Tacoma visited with the Petitioner and gave him a list of third countries, he can be removed to, to choose from." *Id.*

- On January 20, 2026, "ERO Tacoma followed up with the Petitioner about third country removal and Petitioner asked ERO to 'give me a few months… I feel safer in jail than going to any other country[.]'" *Id.*

- On February 13, 2026, "ERO Tacoma re-engaged with the Petitioner and the latter asked for removal to Canada or Australia due to family connections. On the same day, ERO Tacoma contacted internal ERO points of contact to request removal of Petitioner to Australia or Canada." *Id.* at 2–3.

- On February 18, 2026, "ERO contacted the Petitioner and received information about Petitioner's relative who lives in Canada[.] ERO contacted Canada's Consular office to provide them with Petitioner's information." *Id.* at 3.

- On April 8, 2026, "Canada stated that it would refuse entry to the Petitioner as a third country of removal." *Id.*

- On April 16, 2026, Hoang "was informed about Canada's decision" and "stated that he w[ould] think about another country and to be contacted about it in a month. The ERO officer told Petitioner that a month is too long, and that he will be re-engaged in two weeks." *Id.*

- On May 8, 2026, "ERO Tacoma spoke with Petitioner who said that he has an uncle in France, and that he would like to live with him. The ERO officer told the Petitioner to coordinate with his lawyer to submit a visa application to be removed to France." *Id.* The same day, "ERO Tacoma sent a copy of Petitioner's passport to the Petitioner in order to appl[y] for a French visa." *Id.*

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

According to Respondents,[2] "ERO Tacoma stands ready to effectuate Petitioner's removal at its earliest opportunity." *Id.* Meanwhile, Hoang remains detained at the NWIPC. *Id.*

Hoang, proceeding pro se, filed his habeas petition on May 11, 2026. Dkt. No. 3. Respondents subsequently filed a response, Dkt. No. 10, and Hoang filed a traverse, Dkt. No 13.

## II.    DISCUSSION

Hoang contends that his detention is unlawful because he has been detained longer that the presumptively reasonable six-month period under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Dkt. No. 3 at 4. He argues that he cannot be removed to Vietnam "because withholding of removal prohibits return to Vietnam," and "ICE has not identified a viable third country for removal." *Id.* He seeks "immediate release under reasonable conditions of supervision" and "any other relief the Court deems just and proper." *Id.* at 5.

Respondents oppose the petition without providing substantive arguments. Dkt. No. 10. They state that "[i]f the Court grants the Petition, Federal Respondents request the Court require Petitioner's release on an order of supervision, and that no preconditions be set regarding his re-detention once removal bec[omes] significantly likely in the reasonably foreseeable future." *Id.* at 6. In his traverse, Hoang again requests release "under reasonable conditions of supervision[.]" Dkt. No. 13 at 4.

## A.    Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing

---

[2] Although Bruce Scott, the warden of the NWIPC, has not appeared in this case, (1) the purpose of naming the petitioner's custodian is to effectuate injunctive relief where appropriate, *see Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (the custodian has "the power to produce the body of [the petitioner] before the court or judge," such that "he may be liberated if no sufficient reason is shown to the contrary" (citation modified)); and (2) the federal government often represents the warden's interests, as it does in this case, *see Doe v. Garland*, 109 F.4th 1188, 1196 (9th Cir. 2024) ("Even in cases where private contract wardens are named as respondents, the government can and has stepped in to defend its interest in keeping petitioners detained.").

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas*, 533 U.S. at 687.

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "The Fifth Amendment guarantees due process in deportation proceedings." *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1270 (9th Cir. 2001). "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693; *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) (recognizing that Fifth Amendment due process protections extend to deportation proceedings, but noting that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process").

When a final order of removal has been entered, a noncitizen enters a 90-day "removal period." 8 U.S.C. § 1231(a)(1). To ensure a noncitizen's presence for removal and to protect the community from noncitizens who may present a danger, Congress mandated detention during the 90-day "removal period." 8 U.S.C. § 1231(a)(2). Section 1231(a)(6) authorizes ICE to continue detention of noncitizens after the expiration of the removal period. 8 U.S.C. § 1231(a)(6). Although there is no statutory time limit on detention pursuant to Section 1231(a)(6), the Supreme

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5

Court has held that a noncitizen may be detained only "for a period reasonably necessary to bring about that [noncitizen's] removal from the United States." *Zadvydas*, 533 U.S. at 689. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

The "presumptively reasonable" period for detention following a removal order is six months. *Id.* at 701. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* "And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* Section 1231(a)(6) thus "requir[es] release from long-term detention" when there is no significant likelihood of removal in the reasonably foreseeable future. *Jennings v. Rodriguez*, 583 U.S. 281, 311 (2018) (citation modified).

**B.      Hoang is Entitled to Release**

Hoang is detained under Section 1231(a)(6). His removal order was entered on November 13, 2025 and neither party appealed the order. Dkt. No. 12-3 at 5. The removal order thus became final on that day. 8 U.S.C. § 1231(a)(1)(B)(i). Consequently, Hoang's removal period started on November 13, 2025 and concluded 90 days later, on February 11, 2026. After that 90-day removal period concludes—in what is referred to as the "post-removal period"—the government's detention authority shifts to Section 1231(a)(6). *See Johnson v. Guzman Chavez*, 594 U.S. 523, 528–29 (2021); *Diouf v. Mukasey*, 542 F.3d 1222, 1229-30, 1231 n.5 (9th Cir. 2008); *N.Y.F.S. v. Bondi*, No. 2:25-CV-02556-LK, 2026 WL 91889, at *4 (W.D. Wash. Jan. 13, 2026).[3]

---

[3] The removal period may be extended beyond 90 days if the noncitizen conspires or acts to prevent his removal, 8 U.S.C. § 1231(a)(1)(C), but Respondents do not contend that is the case here, *see generally* Dkt. No. 10.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 6

Hoang contends that his detention has become unreasonable because he has been detained longer that the presumptively reasonable six-month period under *Zadvydas*. Dkt. No. 3 at 4. Hoang has been detained for approximately seven months since his removal order was entered and became final on November 13, 2025. Dkt. No. 12-3 at 5. He argues that he cannot be removed to Vietnam "because withholding of removal prohibits return to Vietnam," and "ICE has not identified a viable third country for removal." Dkt. No. 3 at 4. Respondents do not contest these facts. *See generally* Dkt. Nos. 10, 11. Hoang has thus "provide[d] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Zadvydas*, 533 U.S. at 701.

Because Hoang has met his burden, Respondents "must respond with evidence sufficient to rebut that showing." *Id.* Respondents have not rebutted Hoang's assertion that there is no significant likelihood of his removal in the reasonably foreseeable future. They do not contend that he can be removed to Vietnam, nor do they argue that removal to a third country is likely in the reasonably foreseeable future. *See generally* Dkt. No. 10. In fact, Respondents present no substantive arguments regarding the merits of the petition or the likelihood of removal. *Id.* And Officer Rosa's declaration supports Hoang's contentions. Dkt. No. 11. As Hoang notes in his traverse, Respondents have established only that ICE has "made inquiries" to third countries; Respondents have "not establish[ed] that any country has accepted [Hoang], issued entry authorization, approved a visa, or agreed to receive him." Dkt. No. 13 at 2. In the meantime, "ICE is not permitted to hold [Hoang] indefinitely while it waits for travel documents[.]" *Tran v. Bondi*, C25-01897-JLR, 2025 WL 3140462, at *3 (W.D. Wash. Nov. 10, 2025). Because Hoang's detention has become indefinite, he is entitled to habeas relief. *See, e.g.*, *Suong v. Bondi*, No. 2:25-cv-02309-LK, 2025 WL 3718644, at *4 (W.D. Wash. Dec. 23, 2025).

### III.   CONCLUSION

For the reasons stated above, the petition writ of habeas corpus, Dkt. No. 3, is GRANTED.

1.    Respondents shall release Hoang from custody within 24 hours on conditions compliant with 8 U.S.C. § 1231(a)(3). *See* 8 U.S.C. § 1231(a)(6) ("[I]f released, [a noncitizen ordered removed] shall be subject to the terms of supervision in paragraph (3).").

2.    The Parties shall file a Joint Status Report by June 19, 2026, confirming that Hoang has been released.

Dated this 18th day of June, 2026.

Lauren King
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 8